785 F.2d 311
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
THOMAS C. ROOKS, Defendant-Appellant.
 85-3467
 United States Court of Appeals, Sixth Circuit.
 1/31/86
 
 Before: JONES and NELSON, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Thomas C. Rooks appeals from a jury verdict of guilty of armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d) and 18 U.S.C. Sec. 2, and of use of a firearm in a crime of violence in violation of 18 U.S.C. Sec. 924(c).
 
 
 2
 Rooks and co-defendant Perry Melton were indicted by a Grand Jury sitting in the Southern District of Ohio on charges arising from the armed bank robbery of the Triangle Credit Union of Fairfield, Ohio on December 4, 1984. They were tried jointly and the jury returned a guilty verdict on all counts. Rooks now appeals, challenging the sufficiency of the evidence supporting the guilty verdict. He contends that his Rule 29 motion for acquittal was improperly denied.
 
 
 3
 In Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed. 2d 560 (1979), the Supreme Court cited as the 'prevailing criterion for judging motions for acquittal in federal criminal trials' the standard set forth in Curley v. United States, 160 F.2d 229, 232-33 (D.C. Cir.), cert. denied, 331 U.S. 837 (1947). Jackson, 443 U.S. at 319, n. 11. In Curley the court stated:
 
 
 4
 The true rule, therefore, is that a trial judge, in passing upon a motion for directed verdict of acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt.
 
 
 5
 160 F.2d at 232 (footnote omitted).
 
 
 6
 In determining whether evidence is sufficient to withstand a motion for acquittal, this court must view the evidence and all reasonable inferences in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 62 S. Ct. 457, 86 L.Ed. 680 (1942); United States v. Gibson, 675 F.2d 825, 829 (6th Cir.), cert. denied, 459 U.S. 972 (1982); United States v. Collon, 426 F.2d 939 (6th Cir. 1970).
 
 
 7
 A review of the record from the critical viewpoint of the government discloses sufficient evidence upon which a reasonable mind could conclude guilt beyond a reasonable doubt. The government presented evidence that two days after the robbery, Rooks tendered eleven $100 bills to pay for a used car. William Black testified that Rooks stated that 'the five thousand dollars he had in his pocket came from the Credit Union.' At the time of his arrest, Rooks had $4,780 in cash in his possession. Christine Covington testified that at two different parties held after December 4, 1984, she overheard Rooks and Melton discussing events which transpired during the robbery. This evidence is consistent with Rooks' participation in the armed robbery and the jury could have reasonably so concluded. We hold that the district court correctly denied Rooks' motion for a judgment of acquittal.
 
 
 8
 The judgment of the district court is AFFIRMED.